IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FERNANDO LEMUS-GONZALEZ,**

    Petitioner,

v.                                                    Civil Action No. 3:15cv82
                                                        (GROH)

**C. WILLIAM, Warden, Gilmer FCI**

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On July 9, 2015, Fernando Lemus-Gonzalez ("the Petitioner") filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, together with a Motion for Leave to Proceed *in forma pauperis* and a Prisoner Trust Fund Account Statement. On that same date, he was issued a Notice of Deficient Pleading. On July 20, 2015, the Petitioner filed his court-approved Prison Trust Account Report. On July 21, 2015, the Petitioner was granted leave to proceed *in forma pauperis* but was directed to pay the $5.00 filing fee. The Petitioner is challenging the validity of his conviction in the United States District Court for the Eastern District of Texas. This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. HISTORY[1]

On January 28, 2007, a criminal complaint was filed against the Petitioner in the Southern District of Texas charging that on February 25, 2007, in Hebbronville, Texas, the Petitioner unlawfully transported eight Mexican aliens by means of a motor vehicle in violation of 8 U.S.C.

---

[1] The Petitioner's original case can be located on Pacer at 5:07-cr-00451for the Southern District of Texas (Laredo). In addition, the undersigned has relied on the decision issued by the Fifth Circuit affirming the Petitioner's conviction on appeal. See United States of America v. Lemus-Gonzalez, 563 F.3d. 88 (5th Cir. March 5, 2009).

§ 1324(a)(1)(A)(ii). More specifically, the complaint alleged the vehicle fled from Agents and later crashed into a steel pole. Five individuals were pronounced dead at the scene and the others required immediate medical attention and were transported to the hospital. The Petitioner identified himself as the driver of the vehicle involved in the accident. ECF No. 1.[2] On March 27, 2007, a grand jury returned an indictment charging him with eight counts of transporting an alien for purpose of commercial or private financial gain and said conduct resulted in the death of a person in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(iv) and Title 18 U.S.C. § 2. ECF No. 22. On April 10, 2007, a Superseding Indictment was returned, identical to the original except for the names of the decedents. ECF No. 29.

On April 17, 2007, the United States of America filed a Motion to Certify Case As Complex due to its unusual and complex nature, and because the Petitioner was charged with an offense subject to the death penalty pursuant to 8 U.S.C. § 1324(a)(1)B)(iv). ECF No. 33. On May 3, 2007, the Motion was granted. ECF No. 40.

On September 12, 2007, the Petitioner appeared before the Magistrate Judge for a Rule 11 hearing. The Petitioner agreed to plead guilty to Courts 1-8 of the Indictment, and no written plea agreement was entered. ECF No.48.

On April 17, 2008, the Petitioner was sentenced to a term of 360 months incarceration on each of the eight counts of the indictment, the same to run concurrently.[3] Upon completion of his

---

[2] ECF entries refer to the Petitioner's criminal docket.

[3] The Presentence Report (PSR) recommended a base offense level of 38, applying a cross-reference in the alien-transporting guideline to the appropriate homicide guideline, which the PSR concluded should be second-degree murder. The grouping rules for multiple counts were applied, resulting in a combined offense level of 43. After a three-level reduction for acceptance of responsibility, the total offense level was 40. The Petitioner's two prior DWI convictions placed

2

sentence, the Petitioner will be on supervised release for a term of three years on each count, again the same to be served concurrently. In addition, the Judgment provides that if deported, the Petitioner shall not re-enter the United States illegally, and if he is deported during the period of probation or supervised release, supervision by the probation officers becomes inactive. ECF No. 70 at 4.

On April 23, 2016, the Petitioner filed a Notice of Appeal. ECF No. 72. On Appeal, the Petitioner argued that the district court erred in applying the second degree murder guidelines rather than the involuntary manslaughter guidelines and that such an error was not harmless because the district court's alternative non-Guidelines sentence was unreasonable. In affirming the Petitioner's sentence, the Fifth Circuit found that when the transportation of unlawful immigrants results in death, § 2L1.1(c) of the Sentencing Guidelines directs a sentencing court to apply "the appropriate homicide guideline." The Petitioner argued that the appropriate homicide guideline for his conduct was voluntary manslaughter which would result in an advisory Guideline range of 78 to 97 months of imprisonment. The Fifth Circuit acknowledged that the Petitioner correctly pointed out that the Sentencing Commission's commentary to § 2A1.4, which sets forth the base offense level for

---

him in criminal history category II. The resulting advisory Guideline range was 324-405 months. The Petitioner objected to the application of the second-degree murder guideline and argued that the involuntary manslaughter guideline was more appropriate because he lacked malice. The district court overruled his objections and accepted the PSR's recommendations. The Court found that the Petitioner acted with "extreme recklessness and a wanton disregard for human life" by drinking while driving and fleeing from the border patrol agents. In the alternative, the court stated that it would have imposed the same sentence in light of the sentencing factors set forth in § 3553(a), "should it turn out that the court is wrong" regarding the application of the Guidelines. The court found the testimony presented and the facts recited in the PSR to be true. The court concluded that a 78-month sentence, which would be within a guideline range of 63 to 78 months for multiple counts of alien smuggling without reference to reckless endangerment under § 3C1.2 of that Guidelines, would be "extremely low" and would not be "reasonable under any circumstances of this particular case." Gonzalez, 563. F.3d at 91.

3

involuntary manslaughter, states that "[a] homicide resulting from driving a means of transportation, or similarly dangerous actions, while under the influence of alcohol or drugs ordinarily should be treated as reckless." U.S.S.G. § 2A1.4 cmt. n. 1 (2007). However, the Fifth Circuit noted that the basis of the District Court's determination that the Petitioner was extremely reckless and demonstrated a wanton disregard for human life included the facts that: "he drank a substantial amount of beer or en route to picking up the aliens; stopped to purchase more while transporting the alien; an open container of beer was found in the foot well of the driver's seat; the aliens were not wearing any safety restraints while being transported in the SUV; an infant was traveling in the arms of the mother in the front passenger seat; the number of passengers exceeded the maximum capacity of the vehicle; [the Petitioner] evaded authorities by commencing a high-speed flight; he continued to speed away from the border patrol agents after they terminated their pursuit; he was driving at a high rate of speed over railroad tracks and in and near an area highly trafficked by both vehicles and pedestrians when he lost control of his vehicle; and he undertook to transport the aliens for personal gain." 563 F.3d at 93. The Fifth Circuit agreed with the district court that these circumstances were beyond the recklessness involved in the ordinary intoxicated-driving offense. Accordingly the appellate court found that the district court did not err in applying the second-degree-murder guideline. Furthermore, the Fifth Circuit concluded that even had the district court erred in applying the second-degree-murder guideline, any such error was harmless because the district court imposed a reasonable alternative non-Guidelines sentence. On October 29, 2009, the United States Supreme Court denied the petitioner a writ of certiorari. ECF No. 101.

On July 14, 2011, the Petitioner filed a motion under 18 U.S.C. 3582(c)(1)(I) for modification of his imposed term of imprisonment. ECF No. 102. On August 29, 2011, the Petitioner

4

filed a civil rights complaint against the Warden of FCI Gilmer which appears to challenge his conviction. Although the Petitioner was incarcerated in FCI Gilmer at the time, the complaint was docketed in the Southern District of Texas, and linked to his criminal case.[4] On September 20, 2011, the district court reviewed the Petitioner's pleadings and determined that they appeared to be raising issues that were more appropriately raised under 28 U.S.C. 2255. The court then provided the Petitioner with an opportunity to either (1) withdraw his motions or (2) amend his motions. The Petitioner was advised that he must either withdraw or amend his motions by November 21, 2011. In addition, the district court made it clear that if the Petitioner did not withdraw or amend his motions by November 21, 2011, the court would construe them as a 2255 motion and dismiss them as untimely. On January 9, 2012, because the Petitioner had neither withdrawn nor amended his motions, the district court construed as motions as a 2255 motion and dismissed it as untimely. ECF No. 107.

On April 29, 2011, the Petitioner filed a 2241 petition in the United States District Court for the Southern District of Georgia. In the petition, he made four claims for relief: (1) his counsel was ineffective for failing to argue for a lesser sentence based on his contention that the deaths of the illegal immigrants transported by him was an accident or the result of vehicle defects; (2) the district court erred in enhancing his sentence by using the wrong sentencing guidelines amounting to prosecutorial misconduct; (3) his constitutional rights were violated by arresting officials when they failed to inform him of his right to contact the Mexican Consulate; and (4) the district court erred in evaluating the 18 U.S.C. 3553 (a) sentencing factors and that his constitutional rights were violated by the sentencing court by turning an accident into a criminal offense.

---

[4] See 5:11-cv-00111 Southern District of Texas (Laredo) available on PACER.

On July 5, 2011, the United States Magistrate Judge recommended that the petition be dismissed, finding that the Petitioner was not entitled to 2241 relief because he failed to identify any new, retroactively applicable Supreme Court decision that established that he was convicted of a nonexistent offense. In addition, the United States Magistrate Judge found that all of his claims could have been raised at his sentencing, during a direct appeal, or in his first 2255 petition. See Lemus-Gonzalez v. Haynes, 2011 WL 3300182 (2:11cv071, July 5, 2011). An Order adopting the Report and Recommendation was entered on August 1, 2011.

### III. CLAIMS PRESENTED

Petitioner alleges that he was denied the right to effective assistance of counsel because counsel failed to give him "real notice" of the charge of second degree murder which affected his decision to plead guilty. In addition, the Petitioner alleges that his guilty plea was involuntary because he was not aware that the intent to cause death was an element of second degree murder. For relief, the Petitioner asks this Court to vacate is conviction and sentence and re-sentence him under the involuntary manslaughter charge which he believes is the proper charge. In his Memorandum of Law, the Petitioner relies on the decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Booker, 543 U.S. 220 (2005) and Blakely v. Washington, 542 U.S. 296 (2004).

### IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254. As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## V. ANALYSIS

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).[5]

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.

---

[5]More specifically, a motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction for sentence imposed in a separate proceeding. Wall v. Kholi, 562 U.S. 545 (2011). On such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or that the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255.

2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[6]

Id. at 333-34.

---

[6]The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

Although the Petitioner raises the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the Petitioner satisfied the first and third elements of Jones, the crimes for which the Petitioner was convicted remain criminal offenses. Therefore, because the Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

Moreover, to the extent that the Petitioner is attempting to challenge his sentence by relying on Apprendi, Booker and Blakely, the same is unavailing. The substance of the Petitioner's argument is that the maximum sentence that may be imposed cannot rely on additional facts not reflected in the jury verdict. First, it should be noted that the Petitioner pleaded guilty, and thereby waived his right to have sentencing determinations made by a jury. Clearly, the Sixth Amendment requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[7] However, as has already been determined by the Fifth Circuit on appeal, the sentencing judge's finding of malice did not increase the Petitioner's sentence beyond the statutory maximum. The Petitioner pleaded guilty to eight counts of transporting aliens resulting in the death of five people in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(iv), and 18 U.S.C. § 2. Because the Government did not seek the death penalty, the statutory maximum for these convictions was life imprisonment. The Petitioner's sentence of 360-months was below the maximum. Moreover, the Fifth Circuit has already determined that the district court's non-Guideline sentence was reasonable even absent the finding of malice.

---

[7]Apprendi, 530 U.S. at 490.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**, and the Petitioner's Motion to Expedite be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 18, 2016.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE