**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**FERNANDO LEMUS-GONZALEZ,**

    Petitioner,

v.                                      **CIVIL ACTION NO.: 3:15-CV-82
(GROH)**

**C. WILLIAM,** Warden, Gilmer FCI,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. On March 18, 2016, Magistrate Judge Trumble issued his R&R, which recommends that this Court deny with prejudice the Petitioner's motion for habeas corpus relief pursuant to 28 U.S.C. § 2241 and dismiss as moot the Petitioner's motion to expedite.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a petitioner's right to appeal this Court's order.

28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the R&R. The Petitioner was served with the R&R on April 29, 2016. To date, neither party has filed objections. Accordingly, this Court will review the R&R for clear error.

As an initial matter, the Petitioner avers that his claims are properly filed in a petition pursuant to 28 U.S.C. § 2241, rather than a petition pursuant to 28 U.S.C. § 2255, because the relief afforded by § 2255 is inadequate or ineffective. In his motion, the Petitioner raises two grounds for relief: ineffective assistance of counsel and involuntariness of his guilty plea. First, he avers that he was denied the right to effective assistance of counsel because his counsel failed to inform him that intent and malice aforethought were elements of second-degree murder. Second, he claims that his guilty plea was involuntary because he did not understand the nature of the charge to which he pleaded. Specifically, the Petitioner submits that "he did not understand the difference between murder and manslaughter, much less the elements of the offense [of second-degree murder]." ECF No. 1-1 at 4. As relief, the Petitioner requests that the Court either vacate his sentence or resentence him under the offense of involuntary manslaughter.

Upon review, the Court agrees with Magistrate Judge Trumble's finding that the instant petition was improperly filed pursuant to § 2241. A petition is properly filed pursuant to § 2241 when it "attacks . . . the execution of a sentence." Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015) (collecting cases); see also In re Vial, 115 F.3d 1192,

1994 n.5 (4th Cir. 1997). Alternatively, a petition is properly filed pursuant to § 2255 when it attacks the legality of a conviction or sentence. United States v. Hadden, 475 F.3d 652, 660 (4th Cir. 2007); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (collecting cases). In limited circumstances, a federal prisoner may bring his claims pursuant to § 2241 if he demonstrates that relief provided under § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Here, the Petitioner attacks the legality of his conviction and sentence and has failed to meet the savings clause requirements as announced in Jones. See Jones, 226 F.3d at 333-34. Thus, a § 2255 petition is the proper mechanism with which to pursue his claims.

Accordingly, the Court finds that Magistrate Judge Trumble's Report and Recommendation [ECF No. 16] should be, and is, hereby **ADOPTED**. The Court **ORDERS** that the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] is **DENIED** and **DISMISSED** with prejudice. The Court further **ORDERS** that the Petitioner's Motion to Expedite [ECF No. 15] is **DENIED** as moot.

The Court **ORDERS** this case **STRICKEN** from its active docket.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

Because the instant petition seeks relief pursuant to § 2241, the Court makes no certificate of appealability determination in this matter.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** June 22, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

3